Opinion issued July 6, 2007










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00904-CV






N.K. RESOURCES, INC., Appellant


V.


JEROME DURHAM, Appellee






On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 2004-34768




 


MEMORANDUM OPINION

 This is an appeal from the district court's order to pay excess proceeds from a
tax sale. See Tex. Tax Code Ann. § 34.04(e) (Vernon Supp. 2006). Appellant, N.K.
Resources, Inc., claims that on April 30, 2005, appellee, Jerome Durham, executed
a valid deed for multiple tracts of real estate in advance of a May 3, 2005 constable's
sale of the properties. As a result, appellant claims it is entitled to the excess
proceeds from the tax sale. After a bench trial with conflicting evidence, the district
court held that the excess proceeds belonged to Durham and stated, "I do not find
credible -- I didn't find any credible evidence that N. K. Resources indeed was
deeded all the properties on April 30th."

 Appellant brings two points of error. First, appellant argues that the deed must
be regarded as effective and cannot be set aside in an action to pay excess proceeds
from a tax sale. Second, appellant states that the Tax Code provides that the pre-tax
sale property owner is entitled to any excess proceeds. Appellant does not explain
how this general statement of law constitutes an allegation of error. Neither of these
points was preserved at trial as required by Texas Rule of Appellate Procedure 33.1. (1)

 In a case tried to the bench, an appellant may challenge the legal and factual
sufficiency of the evidence without preserving error in the trial court. Tex. R. App.
P. 33.1(d). Nowhere in its brief does appellant challenge the trial court's implied
finding that Durham did not sign the deed on April 30, 2005. See BMC Software
Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002) (stating test for legal
and factual sufficiency review of trial court's judgment in bench trial with no findings
of fact and conclusions of law). In its reply brief, appellant affirmatively states that
sufficiency of the evidence is not at issue. We note, however, that the reporter's
record contains conflicting evidence on when Durham signed the deed.

 We hold that appellant has not preserved its points of error as required by
Texas Rule of Appellate Procedure 33.1, and we overrule them. Accordingly, we
affirm the trial court's order.



 Sam Nuchia 

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.
1. To the extent that the first point of error can be construed as challenging
the district court's subject-matter jurisdiction, as opposed to merely
alleging the district court committed error, we hold that the district court
as a court of general jurisdiction had subject-matter jurisdiction. See
Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 74-77 (Tex. 2002).